**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| W. LISA LOCKARD, | ) | FILED: JULY 1, 2008 |
| | ) | 08CV3767 |
| Plaintiff, | ) | Case No. JUDGE SHADUR |
| v. | ) | MAGISTRATE JUDGE DENLOW |
| | ) | Judge |
| FIDELITY INFORMATION SERVICES, INC. | ) | PH |
| | ) | Magistrate Judge |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, W. LISA LOCKARD ("Lockard"), by and through her attorney, Hubert O. Thompson of BROTHERS & THOMPSON, P.C., complains of the Defendant, FIDELITY INFORMATION SERVICES, INC. ("FIS") as follows:

### PARTIES

1.      Lockard is a black female citizen of the United States who currently resides in Chicago, Illinois.

2.      FIS ("Defendant") is a corporation with its principal place of business in Jacksonville, FL that is authorized to do business in the state of Illinois.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 1988.

4.      Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices complained of occurred within this district.

## FACTS

5.    Plaintiff began her employment with Defendant on or about July 14, 1986 as a Programmer. At the time of her termination, plaintiff had attained the position of Senior Program Manager.

6.    From 1999 until her termination, Plaintiff worked for Defendant in Chicago, Illinois. Plaintiff was assigned to Defendant's customer, Harris Bank.

7.    Plaintiff was the only black Senior Program Manager whom Defendant employed in Chicago.

8.    During her tenure in Chicago working for Defendant, Plaintiff reported to six (6) different supervisors.  Until she began reporting to her final supervisor, Joyce Lopez (white, female) Plaintiff's annual evaluations were uniformly "Meets Expectations" or better.

9.    On or about March 30, 2006, Joyce Lopez met with plaintiff and informed plaintiff that plaintiff was rated "Does Not Meet Expectations" for the evaluation period of January through December 2005.

10.    Plaintiff had never previously during her employment by Defendant received a comparable rating.  Plaintiff believed that Lopez's evaluation of her was racially motivated, and Plaintiff complained to Defendant's Human Resources Department and higher level management.

11.    On July 13, 2006, Defendant terminated Plaintiff's employment ostensibly for Plaintiff's failure to meet the terms of a Performance Improvement Plan.

**COUNT I**
**UNLAWFUL DISCRIMINATION BASED ON RACE**
**IN VIOLATION OF 42 U.S.C. § 1981**

12.    Plaintiff restates and realleges paragraphs 1 through 11 of the Complaint as though fully set forth herein.

2

13.   Plaintiff is a member of a protected class due to her race.

14.   Plaintiff was meeting Defendant's legitimate expectations.

15.   Defendant discriminated against Plaintiff because of her race by terminating Plaintiff's employment.  As a direct and proximate result of Defendant's discrimination, Plaintiff has lost and will continue to lose substantial income and employment benefits that are due her.

16.   As a further direct and proximate result of the unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, great humiliation and emotional distress.

17.   Defendant's discriminatory conduct toward Plaintiff was done with malice and/or reckless disregard of Plaintiff's civil rights.

**COUNT II**
**UNLAWFUL RETALIATION BASED ON RACE**
**IN VIOLATION OF 42 U.S.C. § 1981**

18.   Plaintiff restates and realleges paragraphs 1 through 17 of the Complaint as though fully set forth herein.

19.   Plaintiff engaged in a protected activity within the scope of 42 U.S.C. § 1981 when she complained to Defendant's Human Resources Department and Defendant's upper management.

20.   Thereafter, Defendant retaliated against Plaintiff for engaging in a protected activity by terminating her employment on July 13, 2006.

21.   The actions of Defendant set forth above constituted unlawful retaliation in violation of 42 U.S.C. § 1981.

22.    As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has lost and will continue to lose substantial income and employment benefits that are due her.

23.    As a further direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered the indignity of retaliation, the invasion of her right to be free from retaliation, great humiliation and emotional distress.

24.    Defendant's conduct toward Plaintiff was done with malice and/or reckless disregard of Plaintiff's civil rights.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that, after trial by jury, this Court enter judgment against Defendant and requests each of the following to compensate her for Defendant's unlawful discrimination and retaliation:

a.    Backpay and prejudgment interest.

b.    Compensatory damages for Plaintiffs' mental anguish, pain and suffering, and other non-pecuniary losses.

c.    Punitive damages;

d.    Plaintiff's attorneys' fees and costs of this action.

e.    Such other relief as may be just and equitable.

**JURY TRIAL DEMANDED**

Dated: July 1, 2008

4

Respectfully submitted,


s/ Hubert O. Thompson

Hubert O. Thompson
Ronald Austin, Jr.
BROTHERS & THOMPSON, P.C.
100 West Monroe Street, Suite 1700
Chicago, Illinois 60603
P: (312) 372-2909
F: (312) 704-6693
Email: hthompson@brothersthompson.com

*Attorneys for Plaintiff Diane Jones-Brown*